UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BENNIE A. McELWAIN,

        Petitioner,         Case No. 1:05-cv-828

v.        Honorable Richard Alan Enslen

S.L. BURT,

        Respondent.
_____/

## ORDER DENYING MOTION FOR BOND
## PENDING HABEAS CORPUS PROCEEDINGS

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of 14 to 35 years, after he pled guilty in the Ottawa County Circuit Court to first-degree criminal sexual conduct. Presently pending before the Court is Petitioner's Motion for Bond pending decision of this habeas corpus matter.

The ability of a habeas petitioner to seek bond before adjudication of his habeas corpus claim is not firmly established in this circuit. In *Sizemore v. District Court*, 735 F.2d 204 (6th Cir. 1984), the Court of Appeals disapproved release of a habeas petitioner prior to a determination of the merits of the petition. The court indicated that the district court may release a petitioner on bail "upon *granting* the writ." *Id*. at 208 (emphasis in original). In a later case, *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), the Court of Appeals recognized situations in which the district court may grant bail pending a decision on the merits of a habeas corpus petition. The *Dotson* court indicated, however, that the power to release petitioner on bond must be exercised sparingly and only in the

presence of exceptional circumstances. *Id*. at 79. In light of this more recent pronouncement of the Court of Appeals, this Court concludes that release of a habeas petitioner before adjudication of the petition is available in this circuit, but only in exceptional circumstances.

Under *Dotson*, the prisoner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id*. at 79 (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)). The habeas petitioner, who is incarcerated under a presumptively valid criminal conviction, is on a much weaker footing than a pre-trial accused or even a convicted defendant waiting appeal. *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978).

Applying the two-prong test in *Dotson*, this Court finds neither a substantial claim on the merits of the petition nor exceptional circumstances deserving special treatment in the interest of justice. Relief, if any, must await review of the state record. Accordingly:

**IT IS HEREBY ORDERED** that Petitioner's Motion for Bond (Dkt. No. 3) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI: <br> August 21, 2006 | /s/ Richard Alan Enslen <br> RICHARD ALAN ENSLEN <br> SENIOR UNITED STATES DISTRICT JUDGE |