UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENNIE McELWAIN,

        Petitioner,                                     Hon. Richard Alan Enslen

v.                                                    Case No. 1:05-CV-828

S. L. BURT,

        Respondent.
_____/

## ORDER TO STAY PROCEEDINGS

This matter is before the Court on Respondent's Motion to Hold Case in Abeyance, and Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations. For the reasons articulated herein, the Court **grants** Respondent's motion to hold case in abeyance and **dismisses without prejudice** Respondent's motion to dismiss for failure to comply with the statute of limitations.

McElwain filed the present petition for habeas relief on December 14, 2005. On March 30, 2006, Magistrate Judge Ellen S. Carmody recommended that McElwain's petition be dismissed for failure to comply with the relevant statute of limitations. McElwain objected to this recommendation on the ground that it failed to recognize that he was asserting a constitutional claim based on the Supreme Court's decision in *Halpert v. Michigan*, 125 S. Ct. 2582 (2005).[1] This was significant because under federal law, an otherwise untimely petition is considered timely filed if (a) it requests relief based on subsequently decided Supreme Court authority; (b) the holding therein is to be applied retroactively;

---

[1] In *Halpert*, the Supreme Court held that indigent criminal defendants, convicted pursuant to plea, who seek to appeal their convictions as of right in the Michigan Court of Appeals must be appointed counsel.

and (c) the petition is filed within one year of the relevant Supreme Court decision. 28 U.S.C. § 2244(d)(1). Accordingly, the Court remanded the matter to the Magistrate Judge "to obtain further findings" on the issue of whether McElwain's petition is timely under this provision and, furthermore, whether Petitioner has properly exhausted his *Halpert* claim. .

On February 27, 2007, Respondent filed the present motion to dismiss for failure to comply with the relevant statute of limitations. Respondent asserts that even if McElwain's petition is interpreted as asserting a *Halpert* claim, it was nonetheless untimely filed. The Court notes, however, that the question whether *Halpert* applies retroactively is as yet unresolved in this Circuit. On January 26, 2007, a panel of the Sixth Circuit concluded that *Halpert* did apply retroactively on habeas review. *Simmons v. Kapture*, 474 F.3d 869 (2007). The Sixth Circuit subsequently vacated this determination, however, and agreed to hear the matter en banc. *Simmons v. Kapture*, No. 03-2609 (6th Cir.). Because McElwain's petition was filed within one year of the Supreme Court's decision in *Halpert* the timeliness of his petition would appear to turn on the retroactivity of *Halpert*, an issue which is presently before the Sixth Circuit. Under the circumstances, the Court finds that it is appropriate to stay resolution of McElwain's petition until the Sixth Circuit resolves the *Halpert* retroactivity issue.

As for whether Petitioner has properly exhausted his *Halpert* claim, the Court notes that on December 6, 2006, Petitioner moved in the Michigan Supreme Court for leave to appeal in the underlying criminal case pursuant to which he is presently incarcerated. *People v. McElwain*, No. 132638 (Mich.). In light of the fact that Petitioner is still seeking relief in the state courts, this Court offers no opinion on the exhaustion question. Petitioner's ongoing action in state court represents an additional reason why it is appropriate to enter a stay in this matter. Therefore,

**IT IS HEREBY ORDERED** that Respondent's Motion to Hold Case in Abeyance (Dkt. No. 16) is **GRANTED**.  Resolution of McElwain's petition is hereby stayed pending a decision by the Sixth Circuit in *Simmons* and pending completion of Petitioner's attempts to obtain relief in state court.  Accordingly, Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations (Dkt. No. 13) is **DISMISSED WITHOUT PREJUDICE**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 1, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |