UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENNIE A. MCELWAIN #324700, | Case No. 1:05-cv-828 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| S.L. BURT, | |
| Respondent. | |

### Order Lifting the Stay and Directing the Progression of the Case

State prisoner Bennie A. McElwain ("McElwain") filed this 28 U.S.C. § 2254 petition for a writ of habeas corpus in December 2005, and the matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R"), pursuant to this court's rules and policy. In March 2006, Magistrate Judge Carmody issued an R&R recommending that the petition be *sua sponte* dismissed as untimely because it was not filed within the one-year limitations period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, namely 28 U.S.C. § 2244(d)(1).

In April 2006, McElwain timely filed objections to the R&R. McElwain contended that under 28 U.S.C. § 2244(d)(1) his petition should be considered timely because he filed it within one year of a relevant United States Supreme Court decision that supports his petition, *Halbert v.*

*Michigan*, 545 U.S. 605 (2005). By order issued July 17, 2006, the Honorable Richard Alan Enslen, Senior United States District Judge, partially granted McElwain's objection and remanded the petition to the Magistrate Judge for further consideration. Judge Enslen wrote:

> Petitioner has objected to the Magistrate Judge's finding of untimeliness on the ground that the Magistrate Judge did not consider that Petitioner was asserting a constitutional claim arising from the United States Supreme Court's decision in *Halpert* . . . . This is significant because section 2244(d)(1)(C) permits delayed motions filed within one-year of such Supreme Court decision *provided that the right recognized is to be applied retroactively*.
>
> Western District of Michigan local Civil Rule 72.3(b) permits a District Court Judge to recommit a matter to a Magistrate Judge for further findings. In this case, it would be useful to obtain further findings on the issue of whether Petitioner qualifies for a section 2244(d)(1)(C) extension or other extension premised on the [alleged] *Halpert* violation. In making such findings, the Magistrate Judge may also consider other relevant matters, without limitation, including whether Petitioner has properly exhausted available state remedies as to a *Halpert* claim.

Order of Judge Enslen dated July 17, 2006 at 1-2 (paragraph break added, emphasis added).

In August 2006, Magistrate Judge Carmody ordered the respondent to file an answer or other response to the habeas petition. In February 2007, the respondent moved to dismiss the petition as barred by the AEDPA statute of limitations, and McElwain filed an opposition brief in March 2007. In May 2007, however, McElwain moved to stay this case and hold his petition in abeyance pending our Circuit's decision as to whether *Halpert* applies retroactively to convictions that had already concluded direct review (direct appeal) and were on collateral review (such as a habeas petition). (In January 2007, a panel of the Sixth Circuit held, in a published decision, that *Halpert* does apply retroactively to cases on collateral review. *See Simmons v. Kapture*, 474 F.3d 869 (6th Cir. 2007). In May 2007, however, the Circuit vacated the panel opinion and granted rehearing *en banc*.) On August 1, 2007, Judge Enslen granted McElwain's motion, staying the case pending the *en banc*

rehearing of *Simmons* and denying without prejudice the motion to dismiss.[1]

In February 2008, our Circuit issued its *en banc* decision in *Simmons*, holding that the Supreme Court's *Halpert* decision does *not* apply retroactively to cases on collateral review. *See Simmons v. Kapture*, 516 F.3d 450 (6th Cir. 2008) (*en banc*) (Rogers, J., joined by Boggs, C.J., and Batchelder, Gilman, Gibbons, Cook, McKeague, & Griffin, JJ.).

### ORDER

Accordingly, **the STAY of this case is LIFTED**.

The **RESPONDENT SHALL FILE** a dispositive motion no later than Friday, August 29, 2008. The deadlines for the petitioner's opposition brief (if any) and the respondent's reply brief (if any) shall be calculated in accordance with the Federal Rules of Civil Procedures and the Local Civil Rules of this court.

This is not a final order.

**IT IS SO ORDERED this 17th day of July 2008.**

    /s/ Paul L. Maloney
    Paul L. Maloney
    United States District Judge

---

[1] The case was reassigned to this judge by Admin. Order No. 07-791 on August 10, 2008.