UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENNIE McELWAIN,

   Petitioner,         Hon. Paul L. Maloney

v.             Case No. 1:05-CV-828

SHERRY BURT,

   Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations. (Dkt. #23). In accordance with 28 U.S.C. § 636(b), the undersigned recommends that Respondent's motion be **granted**.

## BACKGROUND

Petitioner is presently incarcerated at the Boyer Road Correctional Facility. On September 13, 2000, Petitioner pleaded guilty to committing First Degree Criminal Sexual Conduct and he was subsequently sentenced to serve 14-35 years in prison. (Dkt. #1). Petitioner did not appeal this conviction. On December 14, 2005, Petitioner initiated the present action for writ of habeas corpus, asserting the following claim:

> I. Whether the State created an impediment violating the Separation of Powers Act regarding subject matter based on the Petitioner's commitment of sentence in deprivation of state and federal due process and equal protection rights involving a breach in the plea agreement.

*Id.*

On March 30, 2006, the undersigned recommended that McElwain's petition be dismissed for failure to comply with the relevant statute of limitations. (Dkt. #5). Petitioner objected to this recommendation and on July 17, 2006, the Honorable Richard Alan Enslen granted in part Petitioner's objection. (Dkt. #7).

In his objection, Petitioner asserted that the claim presented in his habeas petition was premised on the Supreme Court's decision in *Halbert v. Michigan*, 545 U.S. 605 (2005).[1] Judge Enslen noted that when a habeas claim is premised on a new rule of constitutional law, the relevant statute of limitations permits petitions to be filed within one year of the date on which the Supreme Court recognized the new rule in question, so long as the Supreme Court has given such rule retroactive application. (Dkt. #7, citing 28 U.S.C. § 2244(d)(1)(C)). Given that McElwain's habeas claim is premised on the Supreme Court's *Halbert* decision, Judge Enslen recommitted the matter to the undersigned for further consideration. (Dkt. #7).

On May 2, 2007, Respondent moved for a stay in this matter. (Dkt. #16). Respondent requested a stay pending resolution of a case then before the Sixth Circuit regarding the retroactive application of the *Halbert* decision. On August 1, 2007, Judge Enslen granted Respondent's motion. (Dkt. #18). On July 17, 2008, the Honorable Paul L. Maloney issued an Order lifting the stay in this matter and "directing the progression of the case." (Dkt. #21). On August 29, 2008, Respondent filed the present motion to dismiss. (Dkt. #23). Petitioner has not responded to this motion.

---

[1] In *Halbert*, the Supreme Court held that indigent criminal defendants, convicted pursuant to plea, who seek to appeal their convictions as of right in the Michigan Court of Appeals must be appointed counsel.

## **ANALYSIS**

McElwain's petition, filed December 14, 2005, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period within which an inmate challenging a state court judgment must file his petition for writ of habeas corpus. The applicable statute of limitations provides the following:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

The Sixth Circuit recently held that the rule of criminal procedure articulated by the Supreme Court in *Halbert* did not apply retroactively to cases on collateral review. *Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008) *en banc reversing* 474 F.3d 869 (2007). Thus, § 2244(d)(1)(C) is inapplicable in this matter and instead § 2244(d)(1)(A) provides the period of limitation. As the Court articulated in its previous Report and Recommendation, pursuant to § 2244(d)(1)(A), Petitioner's conviction became final on September 13, 2001, and the limitations period expired one year later on September 13, 2002. (Dkt. #5 at 2-4). Thus, McElwain's petition, filed more than three years later is untimely. The Court further concludes, for the reasons previously articulated, that Petitioner is not entitled to equitable tolling in this matter. (Dkt. #5 at 4-5).

## CONCLUSION

For the reasons detailed herein, the undersigned recommends that <u>Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations</u>, (dkt. #23), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 14, 2009

  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge